**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| E360INSIGHT, LLC, | |
| Plaintiff, | |
| v. | |
| COMCAST CORPORATION, | |
| Defendant. | |
| COMCAST CORPORATION, | |
| Counter-Claimant, | |
| v. | |
| E360INSIGHT, LLC, | No. 08 C 340 |
| Counter-Defendant, | Judge James B. Zagel |
| DAVID LINHARDT, | |
| MAVERICK DIRECT MARKETING SOLUTIONS, INC., | |
| BARGAIN DEPOT ENTERPRISES, LLC, d/b/a bargaindepot.net and bargainshoppecorp.com, | |
| NORTHSHORE HOSTING COMPANY, LLC d/b/a ROCKY MOUNTAIN INTERNET SERVICES, LLC and BAY CITY HOSTING, LLC, | |
| RAVINIA HOSTING COMPANY, LLC, | |
| NORTHGATE INTERNET SERVICES, LLC, | |
| JOHN DOES 1-50, Third-Party Defendants. | |

**MEMORANDUM OPINION AND ORDER**

I have before me a largely misguided motion to dismiss a counterclaim which I mostly deny. The complaint alleges[1] that Counter-Defendants engaged in a concerted scheme to send millions of unsolicited commercial e-mails to many Comcast subscribers, using numerous domain names and IP addresses to conceal their own identities. Information and belief are the basis for the further allegations that some of those e-mails contain misleading headers or subject lines, that some of them promote and sell counterfeit goods or offer 'free' goods or services which are not free, and that some recipients have not opted in to receive such e-mails. When Comcast or others attempt to stop Counter-Defendants' spam, or call them "spammers", Counter-Defendants Linhardt and e360 filed and threatened to file suit. After filing, they routinely drop and re-file such suits, all this to undermine legitimate efforts to control spam.

The causes of action are two under the Federal CAN-SPAM laws which bar spam. There is a cognate state law, the Illinois Electronic Mail Act, which also bars spam. The Federal Computer Fraud and Abuse Act makes illegal actions which interfere with the proper functioning of Internet service providers like Comcast. The sending of a large volume of spam e-mails does just that, (and is alleged to have done so here) by slowing the servicing of other non-spam e-mails. These counts (I-IV) are attacked on the grounds that they involve fraud and are not pled with the requisite particularity required by Rule 9(b). Counter-Defendants assume that all

---

[1] Many allegations are based on information and belief because, Comcast claims, Counter-Defendants deliberately conceal facts about their business. At the heart of this argument lies specific allegations not founded on information and belief. The complaint says Counter-Defendants "market products and services using spam," that "[s]pammers . . . try to mask their identities, the origins of their e-mails and the nature of their services" and that Counter-Defendants "have undertaken various efforts to obscure the nature, scope and participants in their activities." These allegations justify the extensive use of "information and belief" allegations.

misrepresentation (think of it here as "flying under false colors") is fraud, but this is not so. Liability for misrepresentation does not require, in all cases, that there was intent to misrepresent or that someone relied on the misrepresentation and was damaged thereby. In civil cases at least, the law can impose an obligation upon, say, a broadcaster, to take reasonable steps to insure that it is not aiding and abetting misrepresentation. Under CAN-SPAM, concealment of IP and domain name addresses can be, and is alleged to be, materially misleading. The same is true under Illinois law. The elements of fraud appear not to be the elements of these laws.

Trespass to chattels (Count V) is appropriate as a claim - the chattel being Comcast's system, the trespass being the unconsented to use by Counter-Defendants, and the damage being the degrading of the Comcast network. The Computer Fraud and Abuse claim is not, on its face, barred by statute of limitations since Counter-Defendants allege in their claim against Comcast that it sent e-mails less than two years ago.

The abuse of process claim also stands. Abuse of process occurs when one uses the legal system for an improper purpose. In other words, one abuses process by taking actions within the legal system that, but for improper purpose, would be lawful. The law varies from state to state, but usually filing a lawsuit and serving process are enough to trigger the tort. The allegations do say that Counter-Defendants file lawsuits, dismiss them, and re-file, but the allegations do not say that process was served. There is, however, at least one case in which process was served and the allegations of abusive filings would, as a matter of evidence, support a charge that there was an improper purpose in the one or more cases where process was served. Thus, Count VII survives.

Count VI for unjust enrichment is not defended, and I dismiss it. I do recognize that discovery may entitle Counter-Defendants to re-plead this count and I will not now bar them from doing so in the future, although they may file a new version of an unjust enrichment claim only with leave of court.

This leaves the final point, which seeks dismissal of the only natural person among the Counter-Defendants, Linhardt. What is offered to support his dismissal from the claims is the rule which protects corporate officers from personal liability for misdeeds of the corporation. However, this rule does not cover corporate officers who are alleged to direct and control the corporation. It is difficult to seek shelter in this rule when one is alleged to be the whole owner and controller of the all the corporations involved, as is the case here. And there are allegations of specific actions by Linhardt which would establish his liability, *i.e.*, that he deliberately lied to Comcast when he orally stated that all intended e-mail recipients have opted in to receive the e-mails and that he ordered the abuse of process.

The motion to dismiss is denied as to all counts except Count VI.

ENTER:

James B. Zagel
United States District Judge

DATE: July 2, 2008