# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Comcast Corporation ("Comcast"), on the one hand; and e360insight, LLC ("e360"), David Linhardt; Maverick Direct Marketing Solutions, Inc.; Bargain Depot Enterprises, LLC d/b/a bargaindepot.net and bargainshoppecorp.com; Northshore Hosting Company, LLC d/b/a Rocky Mountain Internet Services, LLC and Bay City Hosting, LLC; Ravinia Hosting Company, LLC; and Northgate Internet Services, LLC (collectively, "Defendants"), on the other, and is effective as of the date that it is fully executed by the Parties (the "Effective Date").

**WHEREAS,** e360 filed a lawsuit against Comcast in federal district court for the Northern District of Illinois, Civil Action No. 08-C-0349 (the "Lawsuit") asserting federal and state claims arising out of Comcast's filtering of commercial e-mails sent by e360 to Comcast subscribers;

**WHEREAS**, Comcast filed a counterclaim and third-party complaint against Defendants (the "Countersuit") alleging federal and state claims under the CAN-SPAM Act, the Illinois Electronic Mail Act, the Computer Fraud and Abuse Act, and for trespass to chattels and abuse of process, which claims the Defendants deny;

**WHEREAS**, on April 10, 2008, the Court granted Comcast's Motion for Judgment on the Pleadings and dismissed e360's Lawsuit against Comcast, however, Comcast's Countersuit remains pending; and

**WHEREAS**, Comcast and Defendants (collectively, the "Parties") desire to resolve the Countersuit without further litigation and attendant costs.

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. As of the Effective Date, Defendants, and their officers, agents, servants, employees, representatives, subsidiaries, affiliates, and those persons who are in active concert or participation with any of them, shall cease and permanently desist from performing, or directing or assisting others to perform, all of the following:

a. Initiating the transmission of any commercial e-mails to a Comcast e-mail address (an e-mail address with a comcast.net, comcast.com, or other domain name containing the string "comcast," or other domain names owned or controlled by Comcast which Comcast has provided to Defendants in writing, for which this Agreement shall not be effective until one (1) business day after Comcast gives such notice) unless the recipient has provided affirmative consent to receiving such message. For purposes of this sub-paragraph, "initiating" and "affirmative consent" have the meanings given to them in the CAN-SPAM Act, and "commercial e-mail" shall not include "transactional or relationship messages" as defined and interpreted under the CAN-SPAM Act and related regulations;

b. Initiating any commercial e-mail message that:

i) contains or is accompanied by, false or misleading header information, it being understood that any e-mail that does not truthfully and accurately identify the individual, group, unincorporated association, limited or general partnership, corporation, or other business entity who initiated the e-mail in the "From" line, shall be deemed in violation of this subparagraph;

ii) contains subject headings that are likely to mislead or misrepresent the content or subject matter of the message;

iii) lacks a clear and conspicuous notice of the opportunity to decline to receive further electronic mail messages from the sender (as such term is defined and interpreted under the CAN-SPAM Act and related regulations) or initiator;

iv) identifies the "sender" of the message only as a domain name, if such domain name, in the exact form used, is not also the corporate name of an entity duly registered with the applicable state or local body;

v) lacks a valid physical postal address of the sender together with the actual name of the "sender," and not any fictitious name or domain name used by the sender and, for clarity, use of any combination of recipient and address that results in postal mail being undeliverable when addressed as identified in the e-mail message (e.g. displaying a fictitious entity name or domain name with an otherwise valid domain name) shall be deemed a violation of this subparagraph;

vi) is sent from, utilizes or redirects users to any domain name or IP address that does not contain accurate, complete (to the extent the availability of such information is within Defendants' reasonable control), and current registration for the "sender" (and not a privacy or proxy service) in the WHOIS record;

c. violating Comcast's current Terms of Use or Acceptable Use Policy, as made available on Comcast's website at comcast.net as such policies apply to commercial e-mail practices;

d. circumventing any of Comcast's spam-filtering software or applications through use of any means not authorized by Comcast for the purpose of sending commercial e-mails in violation of Paragraph 1, or Comcast's then-current Terms of Use or Acceptable Use Policy as they are applicable to commercial e-mail practices, as each is made available on Comcast's website at comcast.net;

e. violating the CAN-SPAM Act or any other federal, state, or local law or regulation governing the sending of commercial e-mails; or

f. profiting from, acting in concert with, or assisting any other person doing or attempting to do any of the above.

2. Defendants shall, for a period of at least three (3) years following any activity or services, retain records related to any commercial e-mail-related activity, including any consulting or related services, sufficient to establish compliance with the terms of this Agreement, provided that failure to do so shall not be the sole basis for Comcast seeking relief under this Agreement.

3. Notwithstanding the terms of Paragraph 1 above, Defendant Linhardt shall not be deemed to have violated this Agreement in an instance where he consults for an unrelated third party and such third party violates Paragraph 1, provided that, in connection with such consulting, Linhardt has not (a) participated or assisted in the initiation or transmission of messages, (b) secured or provided any domain names, IP addresses, or other facilities used in the

transmission of messages, (c) provided, brokered the provision of, or assisted in the procurement of any e-mail addresses or lists of e-mail addresses (excluding any lead generation activities with respect to creation of substantially new e-mail lists or addition to pre-existing e-mail databases for which Defendant did not originate or participate in the creation of the list. Additionally, excluding work falling under this subparagraph where Defendants reasonably believe such lists were not obtained or created and will not be used except in accordance with the terms of applicable federal, state, and local law), or otherwise participated in determining the recipients of message, (d) exercised any control over any message's content, or (e) profited from the transmission of messages (excluding general compensation arrangements that are not based on the volume of e-mails sent by the third party, but including any instance in which messages advertise or promote products or services offered by Linhardt or any affiliated entity).

4. Within ten (10) days of the Effective Date, Defendants shall each serve an affidavit on Comcast detailing the form and manner in which each has complied with the terms of Paragraph 1.

5. Upon execution of this Agreement, the parties shall file the Consent Decree with this Agreement. Additionally, contemporaneously with the execution of this Agreement, Defendants shall execute the Affidavit of Confession of Judgment attached hereto as Annex II (the "Confession") and incorporated into and made a part of this Agreement. Counsel for Comcast shall hold the executed copy of the Confession until such time as Comcast determines, in good faith, that a Defendant has violated this Agreement. The parties agree and acknowledge that the Confession provides a seven (7) day period for Defendants to object to the entry of Judgment as set forth in the Confession.

6. If Comcast determines, in good faith, that any Defendant has violated this Agreement, Comcast shall be entitled to seek appropriate relief from the Court in addition to any other relief to which it may be entitled at law or in equity. Any amounts paid by Defendants as liquidated damages under this Agreement shall constitute an offset to any other monetary damages awarded by the court.

7. In the event that Comcast determines, in good faith, that a Defendant has violated this Agreement or it is determined by a court of competent jurisdiction that a Defendant has violated this Agreement, Comcast shall be entitled immediately to file the Confession of Judgment under seal with the Court and Defendants shall have the right to object to the entry of judgment as specifically set forth therein. THE UNDERSIGNED HEREBY IRREVOCABLY AUTHORIZES ANY ATTORNEY OF ANY COURT TO APPEAR FOR ANY ONE OR MORE OF THEM, OR ALL OF THEM, IN SUCH COURT AT ANY TIME AFTER A DEFAULT UNDER THIS AGREEMENT AND CONFESS JUDGMENT WITHOUT PROCESS (WHICH SUCH PROCESS IS HEREBY WAIVED BY THE UNDERSIGNED) IN FAVOR OF COMCAST OR ANY OTHER HOLDER OF THESE CLAIMS FOR THE AMOUNT THEN DUE HEREON AND CONSENT TO IMMEDIATE EXECUTION UPON SUCH JUDGMENT, HEREBY RATIFYING AND CONFIRMING ALL THAT SAID ATTORNEY MAY DO BY VIRTUE HEREOF.

8. Notwithstanding any of the foregoing, in the event that this Affidavit is filed with the Court, if Defendants believe, in good faith, that they have not defaulted under the Settlement Agreement, Defendants may file an objection to entry of judgment with the court within seven (7) calendar days after the filing of this Affidavit. If Defendants do not file any objection within seven (7) calendar days after the filing of this Affidavit or if the Court does not accept

Defendants' objections after the opportunity to present evidence regarding same, Comcast shall be entitled to entry of judgment as set forth herein.

9. In the event that Comcast determines, in good faith, that a Defendant has violated this Agreement and files the executed Affidavit of Confession of Judgment, Defendants will provide to Comcast any requested cooperation, including but not limited to providing documents, testimony, or declarations, regarding the activities of Defendants or any other person or entity which participated in any manner with any Defendant in connection with any of the activities that are the subject of this Agreement. In addition, Comcast shall work with Defendants in good faith to provide evidence reasonably sufficient to give Defendants notice of the basis of Comcast's determination.

10. Notice under this Agreement shall be by overnight mail, and, as to Defendants, also by e-mail, and shall be considered received the next business day after it is sent. Notice shall be addressed as follows unless a party notifies the other in writing of a different address:

**To Comcast:**
Gerard J. Lewis, Jr.
Vice President, Deputy General Counsel
& Chief Privacy Officer
Comcast Cable Communications, LLC
One Comcast Center
1701 John F. Kennedy Blvd.
Philadelphia, PA 19103-2838

**With copy to:**
Douglas N. Masters, Esq.
Loeb & Loeb LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654

**To Defendants:**
David Linhardt
c/o Synergy Law Group, LLC
730 W. Randolph, Suite 600
dlinhardt@gmail.com

**With copy to:**
Bart Loethen
Synergy Law Group, LLC
730 W. Randolph, Suite 600
Chicago, Illinois 60661
bart@synergylawgroup.com

11. The parties acknowledge that this Agreement was drafted by all of the parties in consultation with legal counsel. The rule of contract construction that provides that ambiguities are resolved against the drafter will not apply to any provision of this Agreement. No failure of

either party to enforce a right or strict performance under this Agreement shall be deemed to be a waiver which would in any way prevent the party from subsequently asserting or exercising any such rights or requiring strict performance of this Agreement.

12. The provisions of this Agreement shall apply to each Defendant individually and Defendants collectively. This Agreement is binding on and inures to the benefit of the parties, their representatives, agents, successors, affiliates, subsidiaries and assigns.

13. The parties agree that any civil action or proceeding to enforce any term(s) of this Agreement may be filed in the federal or state courts in the State of Illinois. If any dispute should arise, or if any proceeding is brought to enforce or enter judgment, out of or concerning this Agreement, the prevailing party in any such dispute or proceeding shall be entitled to recover reasonable attorneys' fees in addition to whatever other remedy it may be entitled.

14. This Agreement constitutes the entire agreement of the parties with regard to the subject matter contained herein and all prior agreements, negotiations, and understandings are merged into this Agreement. It cannot be modified except in a written document signed by Comcast and the Defendants with respect to whom the terms of the original agreement is to be modified. If the Agreement is modified as between Comcast and less than all of the Defendants, this Agreement will continue in full force with respect to those Defendants not a party to the modification.

15. This Agreement may be signed in counterparts, each of which shall be an original and all of which shall be deemed to be one and the same instrument, with the same effect as if the signatures thereto and hereto were upon the same instrument.

**AGREED:**

**Comcast Corporation**
By: [signature]
Name: JONATHAN B. NEWCOMB
Title: Its Attorney
Date: 1/15/10

**e360Insight, LLC**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

**David Linhardt**
By: [signature]
Date: 1/15/10

**Maverick Direct Marketing Solutions, Inc.**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

**Bargain Depot Enterprises, LLC d/b/a bargaindepot.net and bargainshoppecorp.com**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

**Northshore Hosting Company, LLC d/b/a Rocky Mountain Internet Services, LLC and Bay City Hosting, LLC**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

**Ravinia Hosting Company, LLC**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

**Northgate Internet Services, LLC**
By: [signature]
Name: DAVID W. LINHARDT
Title: PRESIDENT
Date: 1/15/10

# ANNEX II

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| E360INSIGHT, LLC,<br>Plaintiff,<br>v.<br>COMCAST CORPORATION,<br>Defendant.<br><br>COMCAST CORPORATION,<br>Counterclaimant,<br>v.<br>E360INSIGHT, LLC,<br>Counterdefendant,<br>DAVID LINHARDT,<br>MAVERICK DIRECT MARKETING SOLUTIONS, INC.,<br>BARGAIN DEPOT ENTERPRISES, LLC, d/b/a bargaindepot.net and bargainshoppecorp.com,<br>NORTHSHORE HOSTING COMPANY, LLC d/b/a ROCKY MOUNTAIN INTERNET SERVICES, LLC and BAY CITY HOSTING, LLC,<br>RAVINIA HOSTING COMPANY, LLC,<br>NORTHGATE INTERNET SERVICES, LLC, and<br>JOHN DOES 1-50,<br>Third-Party Defendants. | Case No. 08 C 0340<br><br>Judge Coar<br>Magistrate Judge Mason |

**COUNTERDEFENDANT AND THIRD-PARTY DEFENDANTS' AFFIDAVIT OF CONFESSION OF JUDGMENT**

CH61893.1
207716-10033

STATE OF ILLINOIS, COUNTY OF COOK

Counterdefendant, e360insight, LLC ("e360"), and Third-Party Defendants, David Linhardt, Maverick Direct Marketing Solutions, Inc.; Bargain Depot Enterprises, LLC; Northshore Hosting Company, LLC; Ravinia Hosting Company, LLC; and Northgate Internet Services, LLC (collectively, "Defendants"), being duly sworn, depose and say:

1. Counterdefendant, e360insight, LLC ("e360"), is an Illinois limited liability company with a principal place of business at 600 Northgate Pkwy., Ste. A, Wheeling, Illinois 60090.

2. Third-party Defendant, David Linhardt ("Linhardt"), is an individual residing at 500 Sumac Road, Highland Park, Illinois 60035. Linhardt is the president and founder of e360, the majority and only shareholder of Maverick, the president of Northshore Hosting (as these entities are defined herein), and directs and controls the activities of each of the named Defendants.

3. Third-party Defendant, Maverick Direct Marketing Solutions, Inc. ("Maverick"), is an Illinois corporation with its principal place of business at 600 Northgate Pkwy., Ste. A, Wheeling, Illinois 60090 and is the single member of e360, Bargain Depot, and Northshore Hosting.

4. Third-party Defendant, Bargain Depot Enterprises, LLC ("Bargain Depot"), d/b/a bargaindepot.net and bargainshoppecorp.com, is an Illinois limited liability company with its principal place of business at 600 Northgate Pkwy., Ste. A, Wheeling, Illinois 60090.

5. Third-party Defendant, Northshore Hosting Company, LLC d/b/a Rocky Mountain Internet Services, LLC and Bay City Hosting, LLC ("Northshore Hosting"), is a

Delaware limited liability company. Its principal place of business is at 600 Northgate Pkwy., Ste. A, Wheeling, Illinois 60090. Maverick is the sole member of Northshore.

6. Third-party Defendant, Ravinia Hosting Company, LLC ("Ravinia Hosting"), is a Delaware limited liability company. Its principal place of business is at 600 Northgate Pkwy., Ste. A. Wheeling, Illinois 60090. Maverick is the sole member of Ravinia.

7. Third-party Defendant, Northgate Internet Services, LLC ("Northgate"), is a Delaware limited liability company. Its principal place of business is at 600 Northgate Pkwy., Ste. A, Wheeling, Illinois 60090 and it is an affiliate of e360.

8. This Affidavit of Confession of Judgment ("Affidavit") is submitted in support of the Confession of Judgment against Defendants and in favor of Comcast Corporation ("Comcast"). This confession is for a debt justly due and owing jointly and severally by each Defendant to Comcast pursuant to the Settlement Agreement, as discussed below.

9. This Affidavit is being executed as security for the obligations owing by Defendants to Plaintiff under the Settlement Agreement entered into between the parties pursuant to the allegations of the Countersuit, the majority of which have been denied by Defendants (including the salient allegations of the counterclaim). Each Defendant agrees that each obligation set forth in the Settlement Agreement is a lawful obligation and that they have no defense to any payment or obligation. They further agree that any failure to comply with the Settlement Agreement shall constitute a default thereof, entitling Comcast to file this Affidavit.

10. If Comcast determines, in good faith, that any Defendant has failed to comply with the Settlement Agreement, Comcast shall be entitled to file this Affidavit under seal and request entry of a judgment in favor of Comcast and against all Defendants as set forth herein, and Defendants hereby consent to such filing under seal and the then-applicable procedures

regarding filing documents under seal. By this Affidavit, Defendants hereby acknowledge the inherent difficulty in ascertaining damages related to Defendants' conduct prohibited by the Settlement Agreement and, therefore, confess judgment in favor of Comcast and, if the court in which Comcast files the Affidavit determines that any Defendant has failed to comply with the Settlement Agreement, authorize entry thereof in the County of Cook, or any other county in which any of them may then reside, in the following amounts: (a) for a period of five (5) years after the effective date of the Agreement, in the amount of Two Hundred Fifty Thousand Dollars ($250,000); (b) between five (5) and ten (10) years after the effective date of the Agreement, Two Hundred Fifty Thousand Dollars ($250,000) less Twenty Thousand Dollars ($20,000) for each year elapsed between five (5) and ten (10) years; and (c) for such period ten (10) years or more after the effective date of the Agreement, such judgment shall not include the monetary damages portion of the judgment. The foregoing amounts shall constitute liquidated damages related to Defendants' alleged past and then-current violations, and not a penalty.

11. Defendants waive application for any and all statutory or equitable limitations on the time for filing this Affidavit, except that Comcast shall not be entitled to seek relief more than one (1) year after it knew or reasonably should have known of the violation by Defendants that forms the basis for the request.

12. Defendants further waive any right to appeal from or otherwise attack, directly or indirectly, the entry of a judgment pursuant to this Affidavit, and all rights to stay or quash enforcement thereof, except in the sole case of judicial misconduct or bad faith by Comcast in failing to abide by its specific obligations under this Agreement in entering such judgment, in which case Defendants may seek a stay of enforcement of the monetary portion of the judgment.

13. Notwithstanding any of the foregoing, in the event that this Affidavit is filed with the Court, if Defendants believe, in good faith, that they have not defaulted under the Settlement Agreement, Defendants may file an objection to entry of judgment with the court within seven (7) calendar days after the filing of this Affidavit. If Defendants do not file any objection within seven (7) calendar days after the filing of this Affidavit or if the Court does not accept Defendants' objections after the opportunity to present evidence regarding same, Comcast shall be entitled to entry of judgment as set forth herein.

14. Defendants acknowledge that they are represented by counsel and were advised by their counsel prior to executing this Affidavit and that they have executed this Affidavit of their own free will, without any promise or inducement not stated in the Settlement Agreement incorporated therein. They also acknowledge that Comcast reserves all rights not expressly waived herein.

**AGREED TO BY:**

**e360Insight, LLC**

By: ______________________

Name: ______________________

Title: ______________________

Date: ______________________

Sworn to before me this_____ day of _________, 2010.

______________________
NOTARY PUBLIC

**David Linhardt**

By: ______________________

Date: ______________________

Sworn to before me this ___ day of _________, 2010.

______________________
NOTARY PUBLIC

**Maverick Direct Marketing Solutions, Inc.**

By:______________________

Name:______________________

Title:______________________

Date:______________________

Sworn to before me this_____ day of _________, 2010.

______________________
NOTARY PUBLIC

**Bargain Depot Enterprises, LLC d/b/a bargaindepot.net and bargainshoppecorp.com**

By:______________________

Name:______________________

Title:______________________

Date:______________________

Sworn to before me this ___ day of _________, 2010.

______________________
NOTARY PUBLIC

**Northshore Hosting Company, LLC d/b/a Rocky and Mountain Internet Services, LLC and BayCity Hosting, LLC**

By: ___________________________

Name: _________________________

Title: _________________________

Date: _________________________

Sworn to before me this_____ day of

_________, 2010.

_________________________________

NOTARY PUBLIC

**Ravinia Hosting Company, LLC**

By: ___________________________

Name: _________________________

Title: _________________________

Date: _________________________

Sworn to before me this ___ day of

_________, 2010.

_________________________________

NOTARY PUBLIC

**Northgate Internet Services, LLC**

By: ___________________________

Name: _________________________

Title: _________________________

Date: _________________________

Sworn to before me this ___ day of

_________, 2010.

_________________________________

NOTARY PUBLIC